IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Louis M. Kohus, | : | |
| | : | |
| Plaintiff, | : | Case No. C-1-05-517 |
| | : | |
| v. | : | District Judge Susan J. Dlott |
| | : | |
| Toys "R" Us, Inc., *et al.* | : | |
| | : | |
| Defendants. | : | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| Louis M. Kohus, | : | |
| | : | Case No. C-1-05-671 |
| Plaintiff, | : | |
| | : | District Judge Sandra Beckwith |
| v. | : | |
| | : | |
| Fisher-Price, Inc., *et al.* | : | ORDER GRANTING |
| | : | PLAINTIFF'S MOTION TO |
| Defendants. | : | CONSOLIDATE CASES FOR |
| | : | DISCOVERY AND MARKMAN |
| | : | HEARING AND |
| | : | DEFENDANTS' MOTION TO |
| | : | STAY MARKMAN DEADLINES |

This matter comes before the Court on Plaintiff Louis M. Kohus's Motion to Consolidate Cases for Purposes of Markman Hearing and Discovery (doc. #17); Defendants' (Joint) Opposition to Plaintiff's Motion (doc. # 18); and Defendants' Agreed Motion to Stay Markman

Deadlines (doc. # 20).  For the following reasons, the Court **GRANTS** Plaintiffs' motions to consolidate and Defendants' Agreed Motion to Stay Markman Deadlines (doc. # 20).

Kohus is the Plaintiff in both C-1-05-517, which is pending before this Court, and C-1-05-671, which is pending before Judge Beckwith.  He has moved pursuant to Federal Rule of Civil Procedure 42(a) to consolidate the two cases before Judge Dlott solely for the purposes of a discovery and a Markman hearing.

Rule 42(a) provides: "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions . . . as may tend to avoid unnecessary costs or delay."  Fed. R. Civ. P. 42(a).  The question of consolidation is a matter within the discretion of the trial court."  Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir. 1993).  A trial court deciding whether to consolidate must consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.
> Id.

Kohus points out that the purpose of a Markman hearing is to ascertain, as a matter of law, the meaning of a patent's claims, and thereby define the scope of the patented invention. See, e.g., Oatey v. IPS Corp., No. 1:03 CV1231, 2006 WL 581240, at *1-*3 (N.D. Ohio Mar. 8, 2006) (citing Markman v. Westview Instruments, Inc., 517 U.S. 387-91 (1996)).  Here, in both cases, Kohus has alleged that the respective Defendants infringed claims 1,2,4,5,6,7,9,10, and 13

of his United States Patent No. 4,822,033 ("patent").[1] (Compare C-1-05-517, doc. #1, ¶15, with C-1-05-671, doc. #1, ¶8.) The cases thus involve the same questions of law for the purposes of a Markman hearing.

Both cases are in the very early stages of litigation, and, there is no reason to think that consolidating the cases for discovery and a Markman hearing would cause either Kohus or Defendants to bear any risk of prejudice or confusion. Rather, consolidating the cases for discovery and a Markman hearing would prevent two trials from going forward on the basis of inconsistent adjudications of the meaning of the exact same claims.

Defendants *agree* that these actions should be consolidated for a Markman hearing and discovery. (See doc. #18 at 2.) Defendants argue, however, that Judge Beckwith, not Judge Dlott, should preside over the consolidated case, "based on the patent case management rules and schedule Judge Beckwith has proposed, and the timing of the May 5, 2006 scheduling conference presently set before Judge Beckwith." (Id.) Judge Beckwith, however, has vacated the May 5, 2006 scheduling conference set in C-1-05-671 pending this Court's resolution of Kohus' Motion to Consolidate. (See C-1-05-671, doc. #42.)

Defendants also argue that Judge Beckwith should handle the action because two of the dates this Court set have already passed. (See doc. #18 at 2-3.) Defendants have now also moved, however, for a Motion to Stay the Markman deadlines in this case (doc. # 20). Moreover, the time it would take this Court to reschedule the dates in C-1-05-517 to incorporate

---

[1]Kohus has also brought unjust enrichment claims against all Defendants in both actions. Those claims are irrelevant for the purposes of the motion to consolidate because Kohus wishes to consolidate the cases only for the purposes of discovery and a Markman hearing, which will not impact those claims.

3

the Defendants from C-1-05-671 is minimal compared to the time that this Court and Judge Beckwith would waste in pursuing two discovery schedules and Markman hearings regarding construction of the same claims of the same patent.

Defendants also argue that Kohus should not be permitted to consolidate these cases before this Court because of their speculation that Kohus prefers this Court over its sister court. One could easily speculate from Defendants' Opposition, however, that Defendants are just as interested as Kohus may be in which judicial officer presides over this case. Such interests, if any, do not influence this Court's decision regarding consolidation. Finally, Defendants argue that these cases should not be consolidated before this Court because of Kohus' 1) failure to mark them as related cases; and 2) delay in moving to consolidate. (See doc. #18 at 2-3.) The Court sees no merit in these points, either, as Defendants agree both that these cases are related and that they have not proceeded too far to be consolidated.

As the parties note, it is common practice in the Southern District of Ohio to consolidate cases into the first-filed case. Defendants have not convinced this Court that there is any reason to depart from that common practice. Consolidating these two cases for discovery and a Markman hearing would save both the courts and the parties time and money, and prevent the parties from proceeding to trial with inconsistent adjudications of the exact same claims. This Court therefore **ORDERS** that these cases be consolidated only for the purposes of discovery and a Markman hearing.

As such, the Court **GRANTS** Plaintiffs' Motions to Consolidate (doc. # 17). The Court also **GRANTS** Defendants' Agreed Motion to Stay Markman Deadlines (doc. # 20). The Court

will schedule a conference call with Defendants from both cases to reschedule discovery dates and a Markman hearing.

    IT IS SO ORDERED.

                                                                        ___s/Susan J. Dlott_____

                                                                         Susan J. Dlott
                                                                         United States District Judge